IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

A.E.S.E., a minor child, and EUSEBIO DANIEL
SABILLON PAZ, her father,

      Plaintiffs,                                      No. 2:21-cv-00569-RB-GBW

v.

THE UNITED STATES OF AMERICA and
MANAGEMENT & TRAINING CORPORATION,

      Defendants.

**DEFENDANT MANAGEMENT & TRAINING CORPORATION'S RESPONSE TO DEFENDANT UNITED STATES OF AMERICA'S MOTION TO TRANSFER, OR IN THE ALTERNATIVE, MOTION FOR PARTIAL DISMISSAL FOR LACK OF <u>SUBJECT MATTER JURISDICTION [Doc. 31 ]</u>**

    Defendant Management & Training Corporation ("MTC"), by and through its attorneys of record, Sutin, Thayer & Browne, A Professional Corporation (Christina M. Gooch and Alexander G. Elborn), hereby responds to Defendant United States of America's Motion to Transfer, or in the Alternative, Motion for Partial Dismissal for Lack of Subject Matter Jurisdiction ("Motion") [Doc. 31] as follows:

**ARGUMENT**

    MTC's pending Motion to Sever [Doc. 28] should be considered before ruling on USA's Motion [Doc. 31] because the analysis for these pending motions is virtually identical, severance decisions should be made before transfer decisions, and the facts of this case favor MTC's severance from USA before a ruling on the Motion [Doc. 31].

    **1.**    **The Analysis for Severance and Transfer Is Virtually the Same.**

Transfer under § 1404(a) is subject to virtually the same analysis as severance under Fed. R. Civ. P. 21. "Severance under Rule 21 is committed to the Court's sound discretion, and in

exercising that discretion, courts typically consider the same general factors elucidating the § 1404(a) analysis." *Valspar Corp. v. E.I. DuPont de Nemours & Co.*, 15 F. Supp. 3d 928, 932 (D. Minn. 2014) (internal quotation omitted). "If the Court were to conclude that pertinent factors render transfer appropriate under § 1404(a), the severance, too, would be proper." *Presidential Hospitality, LLC. v. Wyndham Hotel Group, LLC*, 333 F.Supp.3d 1179, 1226 (D.N.M. 2018) (quoting authority omitted).)

The facts that the USA uses to support its Motion [Doc. 31] further favor granting MTC's Motion to Sever. [Doc. 28][1]. They highlight just how unrelated Plaintiff Paz's claims against MTC are from Plaintiffs' claims against the USA. For example, the USA highlights that "[t]he majority of Plaintiffs' claims against the United States stem from Plaintiffs' initial detention in El Paso, as well as Plaintiff A.E.S.E's claims related to her custody in Los Angeles, California." [Doc. 31] p. 2. Indeed, Plaintiffs' Complaint [Doc. 1] is predominately dedicated to claims against the USA, dedicating 144 of the 209 paragraphs therein to allegations relating only to the USA. *See generally* Complaint [Doc. 1] ¶¶ 4-7, 17, 20-58, 79-109, 114-130, 132-183. Plaintiffs bring all claims against the USA pursuant to the Federal Tort Claims Act. *Id*., ¶¶ 141-183. In contrast, and weighing in favor of granting severance, all claims against MTC are brought pursuant to "New Mexico and any other state law," not the Federal Tort Claims Act, or even federal law for that matter. *Id*., ¶¶ 184-209. This further highlights why severance is proper.

2. **The Court should rule on MTC's Motion to Sever [Doc. 28] before addressing the USA's Motion to Transfer [Doc. 31]**

The Court has broad discretion to sever issues under Rule 21, *see Brunet v. United Gas Pipeline Co*., 15 F.3d 500, 505 (5th Cir. 1994), and that discretion similarly allows for the severance and transfer of parties in the interest of justice, *see Spencer, White & Prentis, Inc. v.*

---

[1] MTC incorporates that Motion [Doc. 28] as if set forth herein by reference pursuant to Fed. R. Civ. P. 10(c).

2

*Pfizer, Inc.*, 498 F.2d 358, 361-62 (5th Cir. 1974). "In the situation where venue is proper for one defendant but not for another and dismissal is inappropriate, the district court . . . may sever the claims, retaining jurisdiction over one defendant and transferring the case as to the other defendant to an appropriate district." *Carnival Corp. v. Tug W.O. Watson*, No. Civ. A. 02-2375, 2003 WL 943633, at *1 (E.D. La. Mar. 5, 2003) (citation omitted); *see also Stewart v. Livingston*, Civ. A No. H-14-1483, 2014 WL 4975434, at *5 (S.D. Tex. Oct. 3, 2014) (citation omitted) ("The Court ... has broad discretion to sever and transfer issues that should be tried in another district.").

Here, MTC has sought severance pursuant to Fed. R. Civ. P. 21[2]. [Doc. 28]. The USA seeks to transfer pursuant to 28 U.S.C. § 1404(a). [Doc. 31]. "Because § 1404 authorizes transfer 'only of the entire action and not of individual claims,' severance must be found appropriate before a transfer may be considered." *Steuben Foods, Inc. v. Oystar Group*, 2013 WL 2105894, at *7 (W.D.N.Y. May 14, 2013) (quoting *Wyndham Assocs. v. Bintliff,* 398 F.2d 614, 618 (2d Cir.1968), *cert denied,* 393 U.S. 977, 89 S.Ct. 444, 21 L.Ed.2d 438 (1968)). "When transferring a portion of a pending action to another jurisdiction, district courts first must sever the action under Rule 21 before effectuating the transfer." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1519 (10th Cir. 1991). Even where the parties fail to consider severance and erroneously seek only transfer, the Court can, and should, decide the severance issue first. *See, e.g.*, *Valspar Corp. v. E.I. DuPont de Nemours and Co.*, 15 F.Supp.3d 928 (D.Minn 2014).

Here, unique factual and legal questions apply to each Defendant, not to mention different localities where the alleged claims arose, and that Plaintiff A.E.S.E. has not asserted any claims against MTC. *See generally* Complaint [Doc. 1]; *see also generally* Motion to Sever [Doc. 28]. As a result, MTC has moved to sever [Doc. 28], and USA has moved to transfer [Doc. 31]. Since

---

[2] If the Court is not inclined to exercise supplemental jurisdiction over Plaintiff's claims against MTC, dismissal is also appropriate.

3

severance should be considered before transfer, MTC respectfully requests that the Court consider its pending Motion to Sever [Doc. 28] before considering the Motion [Doc. 31]. *See generally Chrysler Credit Corp.*, 928 F.2d at 1519.

## CONCLUSION

The analyses for severance and transfer are virtually identical. Both are supported under the facts of this case, but severance should be decided first. Therefore, Defendant MTC respectfully requests that the Court consider MTC's Motion to Sever [Doc. 28] before ruling on USA's Motion to Transfer [Doc. 31], and for other such relief that the Court deems just and proper.

Respectfully submitted,

SUTIN, THAYER & BROWNE
A Professional Corporation

By  */s/ Christina M. Gooch*
   Christina M. Gooch
   Alexander G. Elborn
P.O. Box 1945
Albuquerque, NM 87103-1945
Telephone: (505) 883-2500
Email: tmg@sutinfirm.com
*Attorneys for Defendant MTC*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this  day of March 18, 2022, the foregoing was filed electronically pursuant to the CM/ECF procedures for the District of New Mexico, which caused counsel of record to be served by electronic means.

By  */s/ Christina M. Gooch*
   Christina M. Gooch
6244171