IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| A.E.S.E., a minor child, and Eusebio Daniel Sabillon Paz, her father,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>United States of America and Management & Training Corporation,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil No. 2:21-cv-00569-RB-GBW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN**

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on October 28, 2022, at 10:00am MT and was attended by:

- Bradley Jenkins, Cristina Moreno, Rebecca Sheff, Tara Brailey and Michael Mervis for Plaintiffs;

- Manuel Lucero for Defendant United States of America; and

- Christina Gooch for Defendant Management & Training Corporation.

**NATURE OF THE CASE**

Plaintiffs Eusebio Daniel Sabillon Paz and his daughter, A.E.S.E. (together, "Plaintiffs"), bring this action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 *et seq.* and New Mexico state law.  This case concerns the conduct and treatment Plaintiffs allege they were subjected to by Defendant United States of America and its federal officials and employees (collectively, the "Government" or "USA"), and Defendant Management Training Corporation

1

and its officials and employees (collectively, "MTC"), on account of the Government's "Zero-Tolerance" Family Separation Policy (the "Zero-Tolerance Policy").

Plaintiffs assert eight (8) causes of action against the Government: (i) intentional infliction of emotion distress ("IIED"), (ii) assault and battery, (iii) abuse of process, (iv) breach of fiduciary duty, (v) conversion, (vi) negligence, (vii) medical negligence, and (viii) negligent supervision. Plaintiffs assert five (5) causes of action against MTC: (i) IIED, (ii) assault and battery, (iii) negligence, (iv) medical negligence, and (v) negligent supervision. ECF No. 1 ¶¶ 141-209. Plaintiffs seek relief in the form of compensatory damages, punitive damages, attorney's fees and costs, and such other and further relief as the Court deems just. *Id.* at 38-39.

Defendants United States and MTC deny Plaintiffs' claims as to both liability and damages.

## **AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES**

Plaintiffs do not presently intend to amend the pleadings or join any additional parties pursuant to Fed. R. Civ. P. 15(a).

Defendant United States should be allowed until November 10, 2022, to file an answer to the Complaint.

Plaintiffs should be allowed until 30 days after the United States files its answer to move to amend the pleadings and to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendants should be allowed until 60 days after the United States files its answer to move to amend the pleadings and to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## **STIPULATIONS**

The parties hereto stipulate and agree that (1) the Defendants have been served, and (2) that New Mexico law applies to Plaintiffs' currently asserted claims against Defendant MTC.

**PLAINTIFFS' CONTENTIONS:**

In May 2018, Plaintiff Sabillon Paz and Plaintiff A.E.S.E., who was then seven years old, came to the United States as asylum seekers in search of safety, having fled Honduras to escape escalating political violence against Plaintiffs Sabillon Paz and his family on account of Plaintiff Sabillon Paz's activism.  ECF No. 1 ¶ 1-2.  Plaintiffs allege that instead of the refuge they sought, however, "DHS agents forcibly took A.E.S.E. away from her father in a deliberate attempt to inflict severe cruelty on the family to punish the family for seeking asylum in the United States, coerce them into waiving their right to seek asylum, and deter other families like them from seeking asylum in the future."  ECF No. 1 ¶ 5.

According to the Complaint, both Plaintiffs suffered abuse, mistreatment and medical neglect.  With respect to Plaintiff A.E.S.E., she was sexually abused by a Government agent and witnessed the same agent sexually assault other young children while in CBP custody.  ECF No. 1 ¶ 6.  Plaintiff A.E.S.E. was also held in miserable and unsanitary conditions, prevented from communicating with her father, and inexplicably kept from being released into the custody of her grandparents who had filed a Family Reunification Application with ORR.  ECF No. 1 ¶ 7.  Plaintiff Sabillon Paz was verbally abused and mistreated while detained both in federal criminal custody and at OCPC, and he was denied medical care at both facilities despite suffering from extreme abdominal pain and bleeding as a result of kidney stones.  ECF No. 1 ¶ 8.  Plaintiffs suffered this mistreatment in detention for nearly two months before they were reunited in July 2018.  ECF No. 1 ¶ 9.  The injuries Plaintiffs suffered as a result of the Defendants' deliberate misconduct were substantial and the harm that resulted continues to this day.  ECF No. 1 ¶ 9.

With respect to the Government's suggestion that Plaintiffs should "clarify" their claims, Plaintiffs respectfully disagree. The Government's motion to dismiss did not allege that the Complaint fails to state a claim. Plaintiffs' Complaint was filed over a year ago, and discovery should not be delayed when the legal sufficiency of the Complaint has already been tested.

## **DEFENDANTS' CONTENTIONS**

The United States contends that on April 6, 2018, DOJ issued a "Memorandum for Federal Prosecutors along the Southwest Border" on "Zero-Tolerance for Offenses Under 8 U.S.C. § 1325(a)." U.S. DOJ Memorandum on Zero-Tolerance for Offenses Under 8 U.S.C. § 1325(a) (April 6, 2018), available at https://www.justice.gov/opa/press-release/file/1049751/download (the "Zero-Tolerance Memorandum"). The memorandum directed federal prosecutors along the Southwest border "to the extent practicable, and in consultation with DHS, to adopt immediately a zero-tolerance policy for all offenses referred for prosecution under section 1325(a)." *Id*. In addition, on May 4, 2018, the DHS Secretary directed officers and agents to ensure that all adults deemed prosecutable for improper entry in violation of 8 U.S.C. § 1325(a) were referred to the DOJ for criminal prosecution. This initiative applied to all amenable adults, including parents or legal guardians traveling with minor children. Consistent with the April 2018 Zero-Tolerance Memorandum, Plaintiff Eusebio Daniel Sabillon Paz was referred for prosecution for unlawfully entering the United States on the Southwest border in violation of § 1325. *See generally* Executive Order 13767. A.E.S.E., his minor daughter who was traveling with him was designated as UAC and transferred to ORR custody, as required by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"). Accordingly, Plaintiffs' separation was a consequence of this ordinary exercise of

prosecutorial discretion and federal law required that A.E.S.E. be placed into ORR custody once the decision was made to prosecute Plaintiff Eusebio Daniel Sabillon Paz.

Other disputed legal issues include: (1) whether the United States intentionally inflicted emotional distress upon Plaintiffs; (2) whether any actions of any employees of the United States constituted assault and battery; (3) whether the United States abused any process issued by the court in Plaintiff Eusebio Daniel Sabillon Paz' criminal case; (4) whether the United States breached any fiduciary duty to Plaintiffs and thereby proximately caused them damages; (5) whether the United States is liable to Plaintiff Sabillon Paz for conversion; (6) whether any employee of the government was negligent and thereby proximately caused Plaintiffs' damages; (7) whether Plaintiffs' claims are barred by the discretionary function exception to the FTCA; and (8) whether Plaintiffs' claims are barred by the FTCA's exception for actions taken while reasonably executing the law.

The United States requests that Plaintiffs' counsel clarify the abuse-of-process claim before the scheduling conference. Plaintiffs have not identified any process issued by the court in Plaintiff Sabillon Paz's criminal case that could have been used to effect Plaintiffs' separation. They allege that federal employees "abused legal process within their control for the unlawful purposes of traumatizing Plaintiffs A.E.S.E. and Mr. Sabillon Paz, attempting to coerce Plaintiffs to abandon their lawful claims to asylum for the ostensible purpose of deterring future migrants from seeking refuge in the United States" and "abusing legal processes by separating A.E.S.E. from Sabillon Paz and sending her to the Los Angeles facility." Complaint ¶¶ 150-151. But prosecuting a case is not a process in the necessary sense. For abuse of process, "[t]he word 'process' . . . does not refer to the legal process generally; it refers to . . . orders that are issued by courts at the behest of one of the parties, or that are otherwise backed by judicial authority."

Restatement (Third) of Torts: Liability for Economic Harm § 26, comment b (2020). In addition, the process must be abused after its issuance. *Moore v. Bushman*, 559 S.W.3d 645, 653 (Tex. App. 2018). For both reasons, filing a complaint or indictment and prosecuting a criminal case cannot be abuse of process. *Id*. This claim should be clarified or dismissed before discovery begins.

The United States also requests clarification of Plaintiffs' negligence claims. The Complaint does not disclose whether the claim is that separating them was negligent in and of itself, or instead that specific acts or omissions effecting the separation were negligently performed. Nor does it disclose whether Plaintiffs claim the alleged negligence, whatever it may be, proximately caused any physical injury. Absent a plausible allegation that it did, the claim is not cognizable. *See*, *e.g.*, *E.L.A. v. United States*, No. 2:20-CV-1524-RAJ, 2022 WL 2046135, at *7 (W.D. Wash. June 3, 2022) (dismissing negligent family-separation claim in Zero Tolerance policy case for lack of physical injury required by Texas law).

The only physical injury alleged in the Complaint is specifically attributed to the alleged failure of David & Margaret Youth and Family Services staff to provide proper food and nutrition to A.E.S.E. Complaint ¶ 96. But the United States cannot be liable for any negligence by David & Margaret Youth and Family Services staff. *See*, *e.g.*, *A.F.P. v. United States*, No. 1:21-CV-00780-ADA, 2022 WL 2714570, at *18 (E.D. Cal. July 12, 2022) (dismissing Plaintiff claim of negligence based on vicarious liability for the conduct of the shelter on the basis that the claims are barred by the FTCA's independent contractor exclusion).

MTC contends that this Court should decline to exercise supplemental jurisdiction over MTC for the solely state law claims Plaintiff has asserted against MTC. MTC denies allegations

of wrongdoing, that MTC caused any harm to any Plaintiff, or that Plaintiffs are entitled to damages with respect to MTC.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan:

First, the parties stipulate under Fed. R. Civ. P. 26(a)(1)(C) to have an initial disclosure exchange no later than **fourteen days after the Court issues an appropriate protective order**.

Second, the parties agreed to a 90-day document disclosure period commencing on **November 29, 2022**, the date of the Court's initial case management conference, and concluding on **February 27, 2023** (the 90-Day Disclosure Period"). During the 90-Day Disclosure Period, the parties will produce documents on an ongoing basis and as they become available throughout the 90-day period. Defendant USA stipulated that it will produce: (1) the policy-related common-discovery documents that it produced in *C.M. v. United States*, Civil Action No. 19-cv-05217-PHX SRB (D. Ariz.) and *A.P.F. V. United States*, Civil Action No. 2:20-cv-00065-PHX-SRB (D. Ariz) that are not specific to the plaintiffs in those actions; and (2) documents within the possession, custody, or control of the United States government that specifically relate to Plaintiffs in this case, relevant to the facts as alleged in the Complaint, including each Plaintiff's Alien File ("A-File"), Plaintiff A.E.S.E.'s ORR custody records, and, for each Plaintiff, his/her I-213s, subject activity logs, and any transfer or detention records. Defendant MTC stipulated that it will produce all documents that specifically relate to Plaintiffs in this case. Plaintiffs stipulated that they will produce documents specifically relating to their allegations in this case and/or otherwise subject to production pursuant to Fed. R. Civ. P. 26(a)(1)(A).

Third, the parties agreed upon a discovery plan that calls for the close of fact discovery in approximately on November 8, 2023, to be followed by a period for expert discovery and then dispositive motions.

Fourth, the parties agreed that the time period to serve written and/or other discovery under the Federal Rules of Civil Procedure shall commence following completion of the 90-Day Disclosure Period.  The parties' agreement to the 90-Day Disclosure Period shall not prejudice any party's right to propound discovery requests during the 90-Day Disclosure Period, nor shall participation in the 90-Day Disclosure Period relieve any party of its obligations under the Federal Rules of Civil Procedure.

Fifth, the parties discussed the entry of an appropriate protective order that would permit the parties to make the document disclosures and discovery contemplated under their plan. On October 31, 2022, Plaintiffs proposed a stipulated protective order, which the Government needs additional time to review. The parties will submit a joint motion for a stipulated protective order, or if they cannot agree, their respective proposals for an appropriate protective order, by November 15, 2022. In addition, the parties discussed the need for Plaintiffs to sign privacy waivers to allow for the sharing of information potentially protected by statute or regulation, including but not limited to 8 U.S.C. 1367 and 8 C.F.R. 208.6, which requires separate consent from the protective order.

Finally, the parties agreed to provide a Joint Status Update including a preliminary list of witnesses, documents, and experts at the conclusion of the 90-Day Disclosure Period.

Discovery will be needed at a minimum on the following subjects:

1. **Zero-Tolerance Policy** – The creation, development and implementation of the Zero-Tolerance policy (with particular emphasis on application of the Zero-Tolerance policy to adults traveling with family units).

2. **Separation Details** – Including but not limited to: (i) designation of children as unaccompanied children (UCs) when being separated from a parent while in CBP custody; (ii) ORR placement of UCs after being separated from a parent while in CBP custody; and (iii) tracking of UCs and establishing communication with parents after being separated while in CBP custody.

3. **Policies and Procedures** – Policies and procedures of DHS, CBP, ICE, ORR, and the U.S. Department of Health & Human Service concerning separation, detention during separation, or reunification from January 2017 to present.

4. **Relationship Between Defendants** – Including but not limited to contracts, policies, and practices governing the Government and MTC's joint responsibility for detainees in MTC's custody.

5. **Record Keeping** – Including but not limited to: (i) each plaintiff's Alien File ("A-File"); (ii) each Plaintiff's I-213s, subject activity logs, and any transfer or detention records; and (iii) Plaintiff A.E.S.E.'s ORR custody records.

6. **Plaintiffs' Physical & Emotional Condition** – Records concerning each Plaintiff's (i) respective apprehension, detention, separation, and reunification; and (ii) alleged medical, emotional distress, or other injuries, including mitigation attempts, related to the allegations in the Complaint.

7. Specific and complete factual basis underlying Plaintiff Mr. Sabillon Paz's allegations against MTC.

8. MTC will need discovery from Plaintiff Eusebio Daniel Sabillon Paz with respect to his medical history, to include psychiatric care, prior to arriving at MTC's facility and thereafter to date, as is consistent with D.N.M.LR-Civ 26.3(d).

9. MTC will need discovery from co-Defendant USA with respect to medical records pertaining to Plaintiff Eusebio Daniel Sabillon Paz prior to Mr. Sabillon Paz's arrival to MTC's facility.

10. MTC will need discovery from Plaintiff Eusebio Daniel Sabillon Paz and/or co-Defendant USA documenting Mr. Sabillon Paz's asylum claim, interview, and processing.

Maximum of **twenty-five (25)** interrogatories by each party to any other party.

(Responses due **thirty (30)** days after service).

Maximum of **twentry-five (25)** requests for admission by each party to any other party. (Responses due **thirty (30)** days after service).

Maximum of **twenty (20)** requests for production of documents by each party to any other party (Responses due **thirty (30)** days after service.

The parties believe that the 90-day disclosure period will help to identify the factual issues about which depositions may be necessary. The parties agree to confer again at the close of the 90-day disclosure period to consider stipulations with respect to the number of depositions or, if necessary, for any party to seek leave under Fed. R. Civ. P. 30(a)(2) to notice depositions.

Reports from retained experts under Rule 26(a)(2) due:

> from Plaintiffs by **December 1, 2023**
>
> from Defendants by **February 8, 2024**

Supplementation under Rule 26(e) due **February 1, 2024**.

All fact discovery commenced in time to be completed by **November 1, 2023**. Discovery on the limited categories of documents identified above in connection with the 90-Day Disclosure Period is to be completed by **February 27, 2022**. A complete proposed schedule is included below.

| Event | Proposed Deadlines |
|---|---|
| **Exchange of Initial Disclosures** | 14 days after approval of protective order |
| **Completion of 90-Day Disclosure Period** | February 27, 2023 |
| **Close of Fact Discovery** | November 8, 2023 |
| **Initial Expert Disclosures** | December 1, 2023 |
| **Rebuttal Expert Disclosures** | February 8, 2024 |

| Close of Expert Discovery | March 1, 2024 |
|---|---|
| **Filing of Summary Judgment Motions** | April 1, 2024 |
| **Filing of Summary Judgment Oppositions** | May 1, 2024 |
| **Filing of Replies in Support of Summary Judgment Motions** | May 22, 2024 |
| **Hearing on Summary Judgment Motions** | June 15, 2024 |
| **Pretrial Conference** | August 1, 2024 |
| **First Day of Trial** | September 1, 2024 |

Other Items:

1. Disclosure of documents is dependent on the execution of privacy waivers by each Plaintiff and an appropriate protective order entered by the Court.

2. The parties agree to effectuate service of disclosures electronically between counsel of record for the parties, with any documents exchanged bearing unique bates-stamping numbering on each page.

3. The Parties agree that relevant Electronically Stored Information will be produced in its native or quasi-native format, unless native format is specifically requested and the ESI can actually be produced in native format.

**PRETRIAL MOTIONS**

Plaintiffs intend to file a pretrial motion for summary judgment, other pretrial motions such as *Daubert* motions, motions in limine, and any other motion that it deems appropriate based on the course of discovery, reserving the right to pursue additional pretrial motions as the case develops.

Defendant United States intends to file: summary judgment, other pretrial motions such as *Daubert* motions, motions in limine, and any other motions that it deems appropriate based on the course of discovery, reserving the right to pursue additional pretrial motions as the case develops.

Defendant MTC may file motion(s) for bifurcation, summary judgment, other pretrial motions such as *Daubert* motions, motions in limine, and any other motion that it deems appropriate based on the course of discovery, reserving the right to pursue additional pretrial motions as the case develops.

## ESTIMATED TRIAL TIME

The parties estimate trial will require between **14 court days**. The parties will update this estimate, if needed, at subsequent Case Management Conferences.

Plaintiffs have demanded a jury trial as to all claims so triable.

The parties request a pretrial conference on **August 1, 2024**, with the first day of trial to occur on **September 1, 2024**.

## SETTLEMENT

The possibility of settlement is unknown at this time. The parties agree that they will exchange disclosures and pursue discovery before engaging in any further ADR or settlement discussions. The parties agree to meet and confer about requesting a settlement conference within **fourteen (14) days** of the close of all discovery.

APPROVED WITHOUT EXCEPTIONS

| | |
|---|---|
| | ___/s/___ |
| | For Plaintiffs A.E.S.E and Eusebio Daniel Sabillon Paz: |
| Michael T. Mervis* | Bradley Jenkins* |
| Tara M. Brailey* | Zachary Manfredi* |
| Proskauer Rose LLP | Asylum Seeker Advocacy Project (ASAP) |
| 11 Times Square | 228 Park Ave. S. #84810 |
| New York, New York 10036 | New York, NY 10003 |
| (212) 969-3000 | (646) 937-0368 |
| mmervis@proskauer.com | bradley.jenkins@asylumadvocacy.org |
| tbrailey@proskauer.com | zachary.manfredi@asylumadvocacy.org |

* *Appearing pursuant to D.N.M.LR-Civ. 83.3(a).*

Leon Howard
Rebecca Sheff
ACLU of New Mexico
P.O. Box 566
Albuquerque, NM 87103
(505) 266-5915
lhoward@aclu-nm.org
rsheff@aclu-nm.org


___/s/___
For Defendant Management & Training Corporation:
Christina M. Gooch
Sutin, Thayer & Browne, APC
P.O. Box 1945
Albuquerque, New Mexico 87103-1945
(505) 883-2500
TMG@sutinfirm.com


___/s/___
For Defendant United States of America:
Manuel Lucero
Assistant United States Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274
manny.lucero@usdoj.gov