UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

A.E.S.E., a minor child, and Eusebio
 Daniel Sabillon Paz, her father,
                    Plaintiffs,

v.                                          No. 2:21-CV-00569-SMV-GBW

United States of America and
Management & Training Corporation,

           Defendants.

## ANSWER TO THE COMPLAINT

The United States of America submits the following Answer to Plaintiff's

Complaint (ECF No.1) as follows:

## General Answer

Plaintiffs quote various documents throughout their Complaint including cases,

media articles, and investigatory reports. Plaintiffs include 13 footnotes throughout their

Complaint. Most of these footnotes consist of citations to cases, media reports and

articles, investigatory reports, and reports by the Office of Inspector General of the

Department of Health and Human Services (OIG HHS). Accordingly, in the following

Specific Answers, to the extent a paragraph or footnote cites a source solely as support

for a factual allegation, the United States answers the allegation in accordance with

Rule 8 by either admitting, denying, or pleading lack of sufficient information with

respect to the factual allegation. The citation of the source underlying the factual

allegation is in and of itself not a factual allegation requiring a response. However, to the

extent a paragraph or footnote contains a factual allegation, quotes a source in whole or

in part in a manner requiring a response as to its truthfulness or accuracy, or specifically

1

describes the findings or conclusions of a report, policy, or other cited source, the United States answers the allegation in accordance with Rule 8 as part of the following Specific Answers to each paragraph of the Complaint. Furthermore, insofar as there are allegations regarding the subjective mindset, knowledge, or motivation of various Executive Branch officials and employees, those allegations are denied throughout the Answer. Finally, insofar as allegations relate to or reference the identities, ages, relationships, and nationalities of Plaintiffs and the child on whose behalf this action is brought, Defendant lacks information sufficient to form a belief as to the allegations because Plaintiff Sabillon Paz and the child are proceeding pseudonymously. Admissions or denials, in full or in part, of allegations specific to Plaintiffs Sabillon Paz and his child are qualified that the United States is answering based on its belief, but lack of certainty, as to the identities of Plaintiffs and the child on whose behalf this action is brought.

### Specific Answers by Paragraph

1.   Defendant admits that the person believed to be A.E.S.E. was seven years old at the time of entry. Defendant admits that the person believed to be Mr. Sabillon Paz is the father of the person believed to be A.E.S.E. Defendant lacks sufficient information to confirm or deny that Plaintiffs were asylum seekers in search of safety but aver that the person believed to be Mr. Sabillon Paz received a credible fear interview. Defendant denies the remainder.

2.   Defendant admits that the persons believed to be Mr. Sabillon Paz and A.E.S.E. are Honduran nationals. Defendant lacks sufficient information to confirm or deny the remainder.

3.    Defendant lacks sufficient information to confirm or deny that the persons believed to be Plaintiffs attempted to seek asylum at a port of entry or their decision to cross into the United States.

4.    Defendant admits that the persons believed to be Mr. Sabillon Paz and A.E.S.E. entered the United States illegally on or about May 29, 2018. Defendant denies the remainder.

5.    Defendant admits that the persons believed to be Plaintiffs were separated on or about May 31, 2018. Defendant denies that the person believed to be A.E.S.E. was "forcibly" separated "in a deliberate attempt to inflict severe cruelty on the family to punish them from seeking asylum in the United States, coerce them into waiving their right to seek asylum, [or] deter other families like them from seeking asylum in the future." Defendant denies the remainder.

6.    Defendant denies the first clause of the first sentence.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

7.    Defendant admits that the ORR case file reflects that A.E.S.E. was in ORR legal custody and placed at David & Margaret Youth and Family Services Shelter in La Verne, California, from June 4, 2018, to July 19, 2018.  Defendant denies the remaining allegations.

8.    Defendant admits that the person believed to be Mr. Sabillon Paz was detained at the Otero County Processing Center. Defendant lacks sufficient information to confirm or deny the remainder.

9.    Defendant admits that Plaintiffs were reunited in July of 2018 and

that Plaintiffs were granted asylum. Defendant lacks information sufficient to admit or deny the remaining allegations.

10. The allegations contained in paragraph 10 are legal conclusions for which no response is required. To the extent a response is required. Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. As one Plaintiff is proceeding pseudonymously, Defendant lacks information sufficient to form a belief as to whether Plaintiffs submitted administrative tort claims. The allegations regarding exhaustion of administrative remedies are not statements of fact but are conclusions of law to which no response is required. To the extent that an answer is required, Defendant denies the allegations.

12. The allegations contained in paragraph 12 are legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations.

13. The allegations contained in paragraph 13 are legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations.

14. Defendant admits that the person believed to be A.E.S.E. would have been ten years old at the time of filing the Complaint. Defendant admits that the person believed to be A.E.S.E. was seven years old at the time of entry. Defendant admits that the person believed to be Mr. Sabillon Paz is the father of the person believed to be A.E.S.E.

15. Defendant admits that the person believed to be Mr. Sabillon Paz is the father of the person believed to be A.E.S.E.

16. Defendant lacks information sufficient to form a belief as to these allegations.

17. This allegation is not a statement of fact but is a conclusion of law to which no response is required. To the extent that an answer is required, Defendant denies this allegation.

18. Defendant lacks sufficient information to confirm or deny the allegations contained in paragraph 18.

19. This allegation is not a statement of fact but is a conclusion of law to which no response is required. To the extent than an answer is required, Defendant lacks sufficient information to confirm or deny the allegations contained in paragraph 19.

20. Defendant admits that there was a program in El Paso Border Patrol Sector prioritizing criminal prosecution of illegal entry under 8 U.S.C. §§ 1325-126, and that children of parents referred for prosecution were placed in HHS custody. Defendant denies the implications that this policy in 2017 led to a "broad zero-tolerance policy" in 2018.  Defendant admits that some parents were separated from their children since 2017.  Defendant admits that on April 6, 2018, the Attorney General issued a memorandum for federal prosecutors along the Southwest border regarding "zero-tolerance" for offenses under 8 U.S.C. § 1325(a).   Further, Defendant admits that the United States has denounced the prior practice of separating children from their families at the United States–Mexico border and "condemn[ed] the human tragedy" that occurred because of the Zero-Tolerance Policy."  Establishment of Interagency Task Force on the Reunification of Families, Exec. Order 14,011, § 1, 86 Fed. Reg. 8273, 8273 (Feb. 5, 2021). And this Administration has committed the federal government to

"protect family unity and ensure that children entering the United States are not separated from their families, except in the most extreme circumstances where a separation is clearly necessary for the safety and well-being of the child or is required by law.  Defendants denies the remainder.

21. Defendant denies this allegation.

22. Defendant admits that there are some parents and children who remain separated for various reasons.

23. Defendant denies this allegation.

24. Defendant admits that the quoted words are found in interview transcripts of the cited interviews. Insofar as the quotations are allegations, Defendant lacks information sufficient to form a belief as to these allegations. Defendant lacks information sufficient to form a belief as to the remaining allegations.

25. Defendant admits that the quoted words are found in interview transcripts of the cited interviews. Insofar as the quotations are allegations, Defendant lacks information sufficient to form a belief as to these allegations.

26. Defendant admits that the quoted words are found in interview transcripts of the cited interviews. Insofar as the quotations are allegations, Defendant lacks information sufficient to form a belief as to these allegations. Defendant lacks information sufficient to form a belief as to the remaining allegations.

27. Defendant denies that U.S. government officials purposefully acted to inflict harm including physical, mental, or emotional harm on Plaintiffs. Defendant lacks information sufficient to form a belief as to the remaining allegations.

28. Defendant admits that the persons believed to be A.E.S.E. and Mr. Sabillon

Paz are Honduran nationals. Defendant admits that the persons believed to be A.E.S.E., and Mr. Sabillon Paz illegally entered the United States between ports of entry on or about May 29, 2018. Defendant lacks information sufficient to form a belief as to the remaining allegations.

29. Defendant admits that the persons believed to be A.E.S.E. and Mr. Sabillon Paz were apprehended by Border Patrol Agents after illegally entering the United States. Defendant lacks information sufficient to form a belief as to the remaining allegations.

30. Defendant admits that the persons believed to be Plaintiffs crossed the border between the ports of entry and were apprehended in Texas by immigration officers and taken to a short-term holding facility. Defendant lacks information sufficient to form a belief as to the remaining allegations.

31. Defendant lacks information sufficient to form a belief as to these allegations.

32. Defendant lacks information sufficient to form a belief as to these allegations.

33. Defendant admits that the persons believed to be Plaintiffs were taken to the Paso Del Norte Processing Center. Defendant admits that as a general matter, most personal items are removed from a noncitizen's possession, bagged, and stored while the noncitizen remains in CBP custody. Defendant denies the remaining allegations.

34. Defendant denies the persons believed to be Plaintiffs were held in a

"hielera" or "icebox" as described in this Complaint. Defendant lacks sufficient information to form a belief as to the remaining allegation.

35. Defendant denies the persons believed to be Plaintiffs were locked in a "hielera" as described in this Complaint. Defendant denies that the temperature was cold, the location was dirty or unhygienic. Defendant lacks information sufficient to form a belief as to the remaining allegations.

36. Defendant denies that the temperature was freezing cold. Defendant Lacks information sufficient to form a belief as to the remaining allegations.

37. Defendant denies the persons believed to be Plaintiffs were locked in a "hielera" as described in this Complaint. Defendant denies that the persons believed to be Plaintiffs were denied the ability to bathe, brush their teeth, or use hand soap.

38. Defendant denies the persons believed to be Plaintiffs were locked in a "hielera" as described in this Complaint. Defendant denies that adequate food was not provided. Defendant lacks information sufficient to form a belief as to the remaining allegations.

39. Defendant denies the persons believed to be Plaintiffs were locked in a "hielera" as described in this Complaint. Defendant lacks information sufficient to form a belief as to the remaining allegations.

40. Defendant lacks information sufficient to form a belief as to the remaining allegations.

41. Defendant denies the persons believed to be Plaintiffs were locked in a "hielera" as described in this Complaint. Defendant lacks information sufficient to form a belief as to the remaining allegations.

42. Defendant denies the persons believed to be Plaintiffs were locked in a "hielera" as described in this Complaint. Defendant denies that the persons believed to be Plaintiffs were "forcibly separated." Defendant lacks information sufficient to form a belief as to the remaining allegations.

43. Defendant denies that the persons believed to be Plaintiffs were "forcibly separated." Defendant lacks information sufficient to form a belief as to the remaining allegations.

44. Defendant admits that the persons believed to be Plaintiffs were Separated on or about May 31, 2018. Defendant lacks information sufficient to form a belief as to the remaining allegations.

45. Defendant admits that the persons believed to be Plaintiffs were separated on or about May 31, 2018.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

46. Defendant admits that the persons believed to be Plaintiffs were separated on or about May 31, 2018. Defendant admits that the person believed to be Mr. Sabillon Paz was transported to the El Paso County Detention Facility and out of CBP custody on or about May 31, 2018. Defendant further admits that the person believed to be Mr. Sabillon Paz was transferred from the El Paso County Detention facility into ICE custody on or about June 22, 2018. Defendant lacks information sufficient to form a belief as to the remaining allegations.

47. Defendant admits that the person believed to be Mr. Sabillon Paz was charged under 8 U.S.C. § 1325(a)(1), a misdemeanor. Defendant lacks information sufficient to form a belief as to the remaining allegations.

9

48. Defendant admits that on June 21, 2018, pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, the charge was dismissed against the person believed to be Mr. Sabillon Paz.

49. The allegation that the person believed to be Mr. Sabillon Paz suffered "extreme anxiety and depression" as a result of acts or omissions of U.S government officials is not a statement of fact but a conclusion of law to which no response is required. To the extent a response is required, Defendant denies this allegation. Defendant lacks information sufficient to form a belief as to the remaining allegations.

50. Paragraph 50 of this complaint addresses Defendant, Management and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations alleged against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6). Defendant lacks information sufficient to form a belief as to the remaining allegations.

51. Paragraph 51 of this complaint addresses, in part, Defendant, MTC. Accordingly, Defendant lacks sufficient information to confirm or deny the allegations alleged against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6). Where paragraph 51 is addressing Defendant, Defendant lacks information sufficient to form a belief as to the remaining allegations.

52. Defendant admits that the person believed to be Mr. Sabillon Paz was transferred into ICE custody on or about June 22, 2018. Defendant lacks sufficient information to form a belief as to the remaining allegations.

53. Defendant lacks information sufficient to form a belief as to the remaining allegations.

10

54. Defendant lacks information sufficient to form a belief as to the remaining allegations.

55. Defendant lacks information sufficient to form a belief as to the remaining allegations.

56. Defendant lacks information sufficient to form a belief as to the remaining allegations.

57. Defendant lacks information sufficient to form a belief as to these allegations.

58. Defendant lacks information sufficient to form a belief as to the remaining allegations.

59. Paragraph 59 of this complaint addresses Defendant, Management and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

60. Paragraph 60 of this complaint addresses Defendant, Management and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

61. Paragraph 61 of this complaint addresses Defendant, Management and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

62. Paragraph 62 of this complaint addresses Defendant, Management

11

and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

63. Paragraph 63 of this complaint addresses Defendant, Management and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

64. Paragraph 64 of this complaint addresses Defendant, Management and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

65. Paragraph 65 of this complaint addresses Defendant MTD. Accordingly, Defendant lacks sufficient information to form a belief as to these Allegations against MTC and refers the court to MTC's August 6, 2021 Answer (ECOF No. 6).

66. Paragraph 66 of this complaint addresses Defendant MTD. Accordingly, Defendant lacks sufficient information to form a belief as to these Allegations against MTC and refers the court to MTC's August 6, 2021, Answer (ECOF No. 6).

67. Paragraph 67 of this complaint addresses Defendant MTD. Accordingly, Defendant lacks information sufficient to form a belief as to the remaining Allegations against MTC and refers the court to MTC's August 6, 2021, Answer (ECOF No. 6).

68. Paragraph 68 of this complaint addresses Defendant, Management And Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

69. Paragraph 69 of this complaint addresses Defendant, Management and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

70. Paragraph 70 of this complaint addresses Defendant, Management and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

71. Paragraph 71 of this complaint addresses Defendant, Management and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

72. Defendant admits the factual allegations related to the person believed to be Mr. Sabillon Paz's with respect to his Credible Fear Interview and positive determination.  Defendant lacks sufficient information to admit or deny the allegations regarding when the person believed to be Mr. Paz received his positive credible fear determination.

73.  Paragraph 73 of this complaint addresses Defendant MTD. Accordingly, Defendant lacks information sufficient to form a belief as to these

13

Allegations against MTC and refers the court to MTC's August 6, 2021, Answer (ECOF No. 6).

74. Paragraph 74 of this complaint addresses Defendant, Management and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

75. Paragraph 75 of this complaint addresses Defendant, Management and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

76. Paragraph 76 of this complaint addresses Defendant, Management and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

77. Paragraph 77 of this complaint addresses Defendant, Management and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

78. Paragraph 78 of this complaint addresses Defendant, Management and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

79. Defendant admits that the person believed to be A.E.S.E. was

14

transferred to Clint Border Patrol Station on or about June 3, 2018 and denies any remaining allegations.

80. Defendant denies these allegations.

81. The allegation that the person believed to be A.E.S.E. suffered "severe emotional distress" as a result of U.S. government official actions is a conclusion of law and not a statement of fact to which no answer is necessary. To the extent an answer is required, Defendant denies this allegation. Defendant lacks information sufficient to form a belief as to the remaining allegations.

82. Defendant lacks information sufficient to form a belief as to these allegations.

83. Defendant lacks information sufficient to form a belief as to these allegations.

84. Defendant lacks information sufficient to form a belief as to these allegations.

85. Defendant lacks information sufficient to form a belief as to these allegations.

86. Defendant lacks information sufficient to form a belief as to these allegations.

87. Defendant admits that the ORR case file reflects that on June 6, 2018, Chris Guzman, the Case Manager at David & Margaret Youth and Family Services verified the relationship between A.E.S.E. and her grandfather, Eusebio Sabillon Lopez and identified him as a potential Category 2A sponsor. Defendant lacks sufficient information to confirm or deny the remaining allegations contained in Paragraph 87.

15

88. Defendant admits that the ORR case file reflects that on June 8, 2018, Eusebio Sabillon submitted a Family Reunification Application to David & Margaret Youth and Family Services; on June 15, 2018, a letter of designation for care of the minor was received; and on June 20, 2018, Eusebio Sabillon Lopez's address was verified by receipt of his lease.

89. Defendant admits that the ORR case file reflects that on June 25, 2018, Chris Guzman, the Case Manager at David & Margaret Youth and Family Services, certified the Sponsor Assessment of Eusebio Sabillon Lopez as Category 2 sponsor. The remaining allegations contained in Paragraph 89 are denied.

90. Defendant admits that the ORR case file reflects that A.E.S.E. arrived at David & Margaret Youth and Family Services Shelter in La Verne, California on June 4, 2018, at 12:56 PM.

91. Defendant admits that pursuant to a cooperative agreement between David and Margaret Youth and Family Services and ORR, David & Margaret Youth and Family Services provided Unaccompanied Children like A.E.S.E. with shelter, including bedroom, bathroom, and telephone facilities; food and water; psychological and medical services; and supervised and supervised daily educational and recreational activities while in ORR's legal custody. The remaining allegations are denied.

92. Defendant admits that A.E.S.E. was released to her father, Eusebio Daniel Sabillon Lopez on July 19, 2018. The remaining allegations contained in Paragraph 92 are denied.

93. Defendant admits that the ORR case file reflects that A.E.S.E.

engaged in educational classes, daily recreational and leisure activities, counseling sessions, medical appointments, and a variety of extracurricular activities outside of her bedroom. Defendant lacks sufficient information to confirm or deny the allegations concerning whether A.E.S.E. had a roommate or a window in her bedroom. Defendant denies that the children were confined to their rooms.

94. Defendant lacks sufficient information to confirm or deny the allegations concerning whether A.E.S.E. had to complete the activities described in this paragraph while at David & Margaret Youth and Family Services. Defendant denies that the children were confined to their rooms.

95. Defendant denies that the children were not allowed to access the common room or play outside.  Defendant lacks sufficient information to confirm or deny the remaining allegations contained in Paragraph 95.

96. Defendant lacks sufficient information to confirm or deny the allegations contained in Paragraph 96.

97. Defendant lacks sufficient information to confirm or deny the allegations contained in Paragraph 97.

98. Defendant lacks sufficient information to confirm or deny the allegations contained in Paragraph 98.

99. Defendant lacks sufficient information to confirm or deny the allegations contained in Paragraph 99.

100.    Defendant admits that Telephone Log contained in the ORR

case file reflects that A.E.S.E. had approximately thirteen calls with her mother while in ORR custody and during four of these calls it was noted that she was emotional. Defendant denies the remaining allegations contained in Paragraph 100.

101. Defendant lacks sufficient information to confirm or deny the allegations contained in Paragraph 101.

102. Defendant lacks sufficient information to confirm or deny the allegations contained in Paragraph 102.

103. Defendant admits that A.E.S.E. was released to her father, Eusebio Daniel Sabillon Lopez on July 19, 2018.

104. Defendant lacks sufficient information to confirm or deny the allegations contained in Paragraph 104.

105. Defendant lacks sufficient information to confirm or deny the allegations contained in Paragraph 105.

106. Defendant lacks sufficient information to confirm or deny the allegations contained in Paragraph 106.

107. Defendant lacks sufficient information to confirm or deny the allegations contained in Paragraph 107.

108. Defendant lacks sufficient information to form a belief as to these allegations.

109. Defendant lacks sufficient information to form a belief as to these allegations.

110. Defendant lacks sufficient information to form a belief as to these allegations.

111.    Defendant lacks sufficient information to form a belief as to these allegations.

112.    Defendants admit that Plaintiffs pursued claims for asylum. Defendant lacks sufficient information to form a belief as to the remaining allegations.

113.    Defendant admits that on August 21, 2019, an immigration judge granted asylum to Mr. Sabillon Paz and AESE.  Defendant lacks information sufficient to admit or deny the remaining allegations as to the vague term "immediate family.

114.    The allegations in this paragraph are not statements of fact but are conclusion of law to which no answer is required.  The cases and legal sources speak for themselves.  To the extent that an answer required, Defendant lacks sufficient information to form a belief as to this allegation.

115.    The allegations in this paragraph are not statements of fact but are conclusion of law to which no answer is required.  The cases and legal sources speak for themselves.  To the extent that an answer required, Defendant lacks sufficient information to form a belief as to this allegation.

116.    These allegations are not statements of fact but are conclusions of law to which no answer is required. The cases and legal sources speak for themselves. To the extent that an answer is required, Defendant lacks sufficient information to form a belief as to the remaining allegations.

117.    These allegations are not statements of fact but are conclusions of law to which no answer is required. The cases and legal sources speak for themselves. To the extent that an answer is required, Defendant lacks sufficient information to form a belief as to the remaining allegations.

118.    These allegations are not statements of fact but are conclusions of law to which no answer is required.  To the extent that an answer is required, Defendant denies the allegations contained in this paragraph.

119.    The allegations in this paragraph are not statements of fact but are conclusion of law to which no answer is required.  The cases and legal sources speak for themselves.  To the extent that an answer required, Defendant denies the allegations contained in this paragraph.

120.    The allegations in this paragraph are not statements of fact but are conclusion of law to which no answer is required.  To the extent that an answer required, Defendant denies the allegations contained in this paragraph.

121.    The allegations in this paragraph are not statements of fact but are conclusion of law to which no answer is required.  The cases and legal sources speak for themselves.  To the extent that an answer required, Defendant lacks sufficient information to form a belief as to this allegation.

122.    The allegations in this paragraph are not statements of fact but are conclusion of law to which no answer is required.  The cases and legal sources speak for themselves.  To the extent that an answer required, Defendant lacks sufficient information to form a belief as to this allegation.

123.    The allegations in this paragraph are not statements of fact but are conclusion of law to which no answer is required.  The legal sources speak for themselves.  To the extent that an answer required, Defendant lacks sufficient information to form a belief as to this allegation.

124.    Defendant refers the court to the quoted documents, which speak

for themselves.

125. These allegations are not statements of fact but are conclusions of law to which no answer is required. The cases and legal sources speak for themselves. To the extent that an answer is required, Defendant lacks sufficient information to form a belief as to this allegation.

126. Defendant admits that the quoted language is found in the cited case. Defendant refers the Court to the cited case for a true and accurate reading of their content. Insofar as the quotation is intended to be allegations, these allegations are not statements of fact but are conclusions of law to which no response is required. To the extent that an answer is required, Defendant denies these allegations. The allegations in this paragraph are not statements of fact but are conclusion of law to which no answer is required. To the extent that an answer required, Defendant lacks sufficient information to form a belief as to this allegation.

127. The allegations in this paragraph are not statements of fact but are conclusions of law to which no answer is required. To the extent that an answer required, Defendant denies the same.

128. Defendant denies that the persons believed to be Plaintiffs were held in a "hielera" or "icebox" as described in this Complaint. Defendant denies that temperature was freezing cold. Defendant admits that the quoted language is found in the cited document. Defendant refers the Court to the cited CBP's National Standards on Transport, Escort, Detention, and Search ("TEDs") for a true and accurate reading of their content. Insofar as the quotation is intended to be allegations, these allegations are not statements of fact but are conclusions of law to which no response is required. To

21

the extent that an answer is required, Defendant denies these allegations. The allegations contained in paragraph 128 are legal conclusions for which no response is required. To the extent a response is required, Defendant denies these allegations.

129. Defendant admits that the quoted words appear in the cited document. Defendant refers the Court to the cited CBP's National Standards on Transport, Escort, Detention, and Search ("TEDs") for a true and accurate reading of their content. Defendant denies the remaining allegations.

130. The allegations in this paragraph are legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

131. Defendant admits that the quoted language is found in the cited 2016 Performance-Based National Detention Standards. Defendant refers the Court to the cited 2016 Performance-Based National Detention Standards for a true and accurate reading of their content. Insofar as the quotation is intended to be allegations, these allegations are not statements of fact but are conclusions of law to which no response is required. To the extent that an answer is required, Defendant denies these allegations.

132. These allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent that an answer is required, Defendant denies these allegations.

133. These allegations are conclusions of law to which no answer is required. The cases and legal sources speak for themselves. To the extent that an answer is required, Defendant denies these allegations.

134. Defendant denies that immigration officials "tore" the person believed to be A.E.S.E. from the person believed to be Mr. Sabillon Paz. The remaining allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent that an answer is required, Defendant denies these allegations.

135. These allegations are conclusions of law to which no answer is required. The cases and legal sources speak for themselves. To the extent that an answer is required, Defendant denies these allegations.

136. These allegations are conclusions of law to which no answer is required. The cases and legal sources speak for themselves. To the extent that an answer is required, Defendant denies these allegations.

137. These allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent that an answer is required, Defendant denies these allegations.

138. Defendant admits that the quoted language is found in the cited cases. Defendant refers the Court to the cited cases for a true and accurate reading of their content. Insofar as the quotation is intended to be allegations, these allegations are not statements of fact but are conclusions of law to which no response is required. To the extent that an answer is required, Defendant denies these allegations. Defendant denies the remaining allegations.

139. These allegations are conclusions of law to which no answer is required. To the extent that an answer is required, Defendant denies these allegations.

140. Defendant admits that the quoted language is found in the cited

23

case. Defendant refers the Court to the cited case for a true and accurate reading of their content.  Insofar as the quotation is intended to be allegations, these allegations are not statements of fact but are conclusions of law to which no response is required. To the extent that an answer is required, Defendant denies these allegations. Defendant denies the remaining allegations.

141.    Defendant has answered the incorporated paragraphs set forth above and no further response is required.  To the extent that a response is required, Defendant denies the allegations.

142.    These allegations are conclusions of law to which no answer is required.  The cases and legal sources speak for themselves.  To the extent that an answer is required, Defendant denies these allegations.

143.    These allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent that an answer is required, Defendant denies these allegations.

144.    These allegations are conclusions of law to which no answer is required.  To the extent that an answer is required, Defendant denies these allegations.

145.    Defendant has answered the incorporated paragraphs set forth above and  no such response is required. To the extent that an answer is required to this paragraph, Defendant denies the allegation.

146.    These allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies these allegations.

147.    These allegations are not statements of fact but are conclusions of

law to which no answer is required. To the extent an answer is required, Defendant denies these allegations.

148.    These allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies these allegations.

149.    Defendant has answered the incorporated paragraphs set forth above and no such response is required. To the extent that an answer is required to this paragraph, Defendant denies the allegation.

150.    These allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies these allegations.

151.    These allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies these allegations.

152.    These allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies these allegations.

153.    Defendant has answered the incorporated paragraphs set forth above and no such response is required. To the extent that an answer is required to this paragraph, Defendant denies the allegation.

154.    These  allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies these allegations.

155. These allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies these allegations.

156. These allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies these allegations.

157. These allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies these allegations.

158. Defendant has answered the incorporated paragraphs set forth above and no such response is required. To the extent that an answer is required to this paragraph, Defendant denies the allegation.

159. These allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies these allegations.

160. These allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies these allegations.

161. These allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies these allegations.

162. These allegations are not statements of fact but are conclusions of

law to which no answer is required. To the extent an answer is required, Defendant denies these allegations.

163. These allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies these allegations.

164. These allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies these allegations.

165. These allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies these allegations.

166. Defendant has answered the incorporated paragraphs set forth above and no such response is required. To the extent that an answer is required to this paragraph, Defendant denies the allegation.

167. These allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies these allegations.

168. These allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies these allegations.

169. These allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies these allegations.

170.    These allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies these allegations.

171.    Defendant has answered the incorporated paragraphs set forth above and no such response is required. To the extent that an answer is required to this paragraph, Defendant denies the allegation.

172.    These  allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies these allegations.

173.    These allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies these allegations.

174.    These allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies these allegations.

175.    These allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies these allegations.

176.    Defendant has answered the incorporated paragraphs set forth above and no such response is required. To the extent that an answer is required to this paragraph, Defendant denies the allegation.

177.    These  allegations are not statements of fact but are conclusions of

law to which no answer is required. To the extent an answer is required, Defendant denies these allegations.

178.    These allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies these allegations.

179.    These allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies these allegations.

180.    These allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies these allegations.

181.    Defendant has answered the incorporated paragraphs set forth above and no such response is required. To the extent that an answer is required to this paragraph, Defendant denies the allegation.

182.    These allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies these allegations.

183.    These allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies these allegations.

184.    Paragraph 184   of this complaint addresses Defendant,

Management and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations alleged against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

185.    Paragraph 185 of this complaint addresses Defendant, Management and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations alleged against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

186.    Paragraph 186 of this complaint addresses Defendant, Management and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations alleged against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

187.    Paragraph 187 of this complaint addresses Defendant, Management and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations alleged against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

188.    Paragraph 188 of this complaint addresses Defendant, Management and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations alleged against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

189.    Paragraph 189 of this complaint addresses Defendant, Management and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations alleged against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

30

190.    Paragraph 190 of this complaint addresses Defendant, Management and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations alleged against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

191.    Paragraph 191 of this complaint addresses Defendant, Management and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations alleged against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

192.    Paragraph 192 of this complaint addresses Defendant, Management and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations alleged against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

193.    Paragraph 193  of this complaint addresses Defendant, Management and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations alleged against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

194.    Paragraph 194 of this complaint addresses Defendant, Management and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations alleged against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

195.    Paragraph 195 of this complaint addresses Defendant,

Management and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations alleged against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

196.    Paragraph 196 of this complaint addresses Defendant, Management and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations alleged against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

197.    Paragraph 197 of this complaint addresses Defendant, Management and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations alleged against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

198.    Paragraph 198 of this complaint addresses Defendant, Management and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations alleged against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

199.    Paragraph 199 of this complaint addresses Defendant, Management and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations alleged against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

200.    Paragraph 200 of this complaint addresses Defendant, Management and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations alleged against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

201.   Paragraph 201 of this complaint addresses Defendant, Management and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations alleged against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

202.   Paragraph 202 of this complaint addresses Defendant, Management and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations alleged against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

203.   Paragraph 203 of this complaint addresses Defendant, Management and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations alleged against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

204.   Paragraph 204 of this complaint addresses Defendant, Management and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations alleged against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

205.   Paragraph 205 of this complaint addresses Defendant, Management and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations alleged against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

206.   Paragraph 206 of this complaint addresses Defendant,

Management and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations alleged against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

207.    Paragraph 207 of this complaint addresses Defendant, Management and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations alleged against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

208.    Paragraph 208 of this complaint addresses Defendant, Management and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations alleged against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

209.    Paragraph 209 of this complaint addresses Defendant, Management and Training Corporation (MTC). Accordingly, Defendant lacks sufficient information to confirm or deny the allegations alleged against MTC and refers to MTC's August 6, 2021, filed Answer (see ECF No. 6).

## Prayer for Relief

Plaintiffs' prayer for relief requires no response, but Defendant denies that Plaintiffs are entitled to any of the relief sought from Defendant in Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

### First Defense

The Court lacks subject matter jurisdiction over Plaintiffs' claims.

34

## Second Defense

Plaintiff's claims are barred to the extent that they are based on the exercise or performance or the failure to exercise or perform a discretionary function or duty. 28 U.S.C. § 2680(a).

## Third Defense

Plaintiffs' claims are barred to the extent that they are based on the execution of Federal statutes or regulations. 28 U.S.C. § 2680(a).

## Fourth Defense

Plaintiffs have failed to state a claim on which relief may be granted in whole or in part.

## Fifth Defense

The United States, through employees, did not owe a legal duty to Plaintiffs.

## Sixth Defense

The United States, through employees, did not breach a legal duty owed to Plaintiffs.

## Seventh Defense

The United States has waived its sovereign immunity only for the actions of "employees of the government" as defined in 28 U.S.C. § 2671.

## Eighth Defense

Acts or omissions of the United States, through employees, were not the proximate cause of injury to Plaintiffs.

## Ninth Defense

In the event the United States is found to have been negligent or otherwise wrongful, which negligence or wrongful conduct is denied, the superseding and intervening negligence or wrongful conduct of third parties, for whom the United States cannot be held liable, broke any causal connection between the United States' negligence or wrongful conduct and Plaintiffs' alleged injuries, cutting off the legal effect of the United States' negligence or wrongful conduct.

## Tenth Defense

Plaintiffs' recovery of damages, if any, is limited by Federal and applicable state law.

## Eleventh Defense

Plaintiffs' recovery against the United States, if any, is limited to the amount stated in timely and properly presented administrative claims. 28 U.S.C. § 2675(b). To the extent the Plaintiffs have not timely or properly presented administrative tort claims, or seek relief different from, or in excess of, that set forth in a timely and properly filed administrative tort claim, Plaintiffs have not exhausted their administrative remedies.

## Twelfth Defense

Plaintiffs may not recover punitive damages, non-monetary damages, or pre-judgment interest under the Federal Tort Claims Act. 28 U.S.C. § 2874.

36

## Thirteenth Defense

To the extent the Court enters a monetary judgment against the United States, Plaintiffs are entitled to post-judgment interest only in accordance with the provisions of 28 U.S.C. § 1961(b) and 31 U.S.C. § 1304(b).

## Fourteenth Defense

Plaintiffs' claims are barred by any exception to or limitation of the United States' waiver of sovereign immunity.

## Fifteenth Defense

Under the FTCA, the United States only may be held liable in the same manner and to the same extent as a private individual under like circumstances. 28 U.S.C. § 2674.

## Sixteenth Defense

To the extent that there are persons who were comparatively at fault, whether or not they are currently parties to this lawsuit, principles of comparative fault apply, and liability must be apportioned or any judgment reduced as set forth under applicable state law.

## Seventeenth Defense

Plaintiffs' claims are barred or diminished by Plaintiffs' failure to mitigate damages.

## Eighteenth Defense

The United States asserts that it has, or may have, additional affirmative defenses that are not known to the United States at this time but may be ascertained through discovery. The United States specifically preserves these and other affirmative defenses as may be ascertained through discovery.

## Nineteeth Defense

Plaintiffs' claims are barred to the extent thy are based on misrepresentations. 28 U.S.C.§2680(h).

Respectfully Submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant
Attorney General
JAMES G. TOUHEY, JR.
Director, Torts Branch
Civil Division

ALEXANDER M. M. UBALLEZ
United States Attorney
*Electronically filed November 15, 2022*
MANUEL LUCERO
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, New Mexico  87103
(505) 346-7224 Ext. 1467
manny.lucero@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above pleading was filed electronically on November 15, 2022.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt

*Electronically filed November 10, 2022*
MANUEL LUCERO
Assistant U. S. Attorney

38