**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

A.E.S.E., *a minor child*, and EUSEBIO
DANIEL SABILLON PAZ, *her father*,

     Plaintiffs,

v.                                                      Civ. No. 21-569 RB/GBW

THE UNITED STATES OF AMERICA
And MANAGEMENT & TRAINING
CORPORATION,

     Defendants.

**ORDER SETTING PRETRIAL DEADLINES
AND BRIEFING SCHEDULE**

The Court held a Rule 16 initial scheduling conference on November 29, 2022.

The case is hereby assigned to a standard case management track.  Additionally, certain

deadlines in the Joint Status Report, after consultation with the parties, are adopted as

an order of the Court, as noted below.

The deadline for Plaintiffs to amend pleadings and/or join additional parties is

**December 12, 2022**.  The deadline for Defendants to amend pleadings and/or join

additional parties is **January 11, 2023**.

Each party shall be limited to twenty-five (25) interrogatories, twenty (20)

requests for production, and twenty-five (25) requests for admission to serve or notice

on the other parties.  Limits on depositions will be set by the Court by separate order

after additional consultation with the parties.

The termination date for fact discovery is **November 8, 2023**, and the termination date for expert discovery is **March 1, 2024**.  Discovery shall not be reopened after these dates, except by an order of the Court upon a showing of good cause.  These deadlines shall be construed to require that fact or expert discovery be completed on or before the applicable respective date.  Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the applicable deadline.  A notice to take deposition shall be considered timely only if the deposition takes place prior to the applicable deadline.  The pendency of dispositive motions shall not stay discovery.

Motions relating to discovery (including, but not limited to, motions to compel and motions for protective order) shall be filed within the twenty-one-day time limit set forth in Local Rule of Civil Procedure 26.6.[1]  *See* D.N.M.LR-Civ. 26.6.  Local Rule of Civil Procedure 7 provides motion practice requirements and the timing of responses and replies.  *See* D.N.M.LR-Civ. 7.

All expert witnesses must be disclosed by the parties, even if the expert is not required to submit an expert report.  *See Musser v. Gentiva Health Servs.*, 356 F.3d 751, 756-57 (7th Cir. 2004); Fed. R. Civ. P. 26(a)(2)(B) & (C); D.N.M.LR-Civ. 26.3(b).  Plaintiffs

---

[1] Of course, Fed. R. Civ. P. 26(c)(1) and 37(a)(1) require parties to "in good faith confer[] or attempt to confer" prior to filing such motions.  The mere imminence of the twenty-one-day time limit does not excuse this obligation, so parties must initiate the attempts to confer promptly to ensure they have sufficient time to adequately discuss the dispute.  Nonetheless, if the parties are actively conferring on the matter, the Court will liberally grant motions to extend the D.N.M.LR-Civ. 26.6 deadline.

shall identify to all parties in writing any expert witness to be used by Plaintiffs at trial and provide expert reports or other disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) & (C) no later than **December 1, 2023**.  All other parties shall identify in writing any expert witness to be used by such parties at trial and provide expert reports or other disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) & (C) no later than **February 8, 2024**.

Dispositive pretrial motions not related to discovery[2] shall be filed with the Court and served on opposing parties by **April 1, 2024**.  Local Rule of Civil Procedure 7 provides motion practice requirements and the timing of responses and replies.  *See* D.N.M.LR-Civ. 7.  Any dispositive pretrial motion not related to discovery filed after the deadline shall be considered untimely in the discretion of the Court.  Parties shall have **thirty (30) days** to respond to any motions for summary judgment.

If documents are attached as exhibits to motions, affidavits, or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court must be highlighted in accordance with Local Rule of Civil Procedure 10.6.  *See* D.N.M.LR-Civ. 10.6.

Motion practice must be conducted in accordance with the local rules.  In particular, the Court would highlight Local Rule 7.4 which provides that response and

---

[2] This category of motions includes those brought to exclude evidence or testimony pursuant to *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).  Deadlines for motions in limine not based on *Daubert* and other trial-focused motions will be set by the trial judge.

3

reply deadlines "may be extended by agreement of all parties.  For each agreed extension, the party requesting the extension must file a notice identifying the new deadline and the document (response or reply) to be filed.  If an extension of time is opposed, the party seeking the extension must file a separate motion within the applicable fourteen (14) day period."  D.N.M.LR-Civ. 7.4(a).  Of course, any extension of briefing time must not interfere with the case management deadlines established herein.  *Id.*

Finally, Defendant Management and Training Corporation ("MTC") shall file any motion for bifurcation no later than **December 1, 2023**.  Parties shall have **thirty (30) days** to respond to MTC's motion for bifurcation.

**IT IS SO ORDERED**.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

4