# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

## Before the Honorable Gregory B. Wormuth
## Chief United States Magistrate Judge

### Clerk's Minutes

### 21-cv-569 RB/GBW

*A.E.S.E., et al. v. United States of America, et al.*

Date of Hearing:   6/22/2023
*(not recorded)*

**Attorneys for Plaintiffs:**              Jessica Hanson
                                           Rebecca Sherman Sheff
                                           Tara Brailey
                                           Marcela Johnson
                                           Ming Tanigawa-Lau

**Attorney for Defendant
United States of America:**                Manuel Lucero

**Attorney for Defendant
Management and Training
Corporation ("MTC"):**                     Christina Gooch

**Proceedings**:                           Status Conference

   *Start Time*:              2:02 p.m.
   *Stop Time*:               2:47 p.m.
   **Total Time:**            **45 minutes**

**Clerk**:                                 EES

**Notes**:
- The Court made introductions.
- The Court explained that it had set this status conference to discuss updates regarding discovery and the site visit, as well as whether the parties were prepared to set deposition limits.
- Ms. Hanson indicated that Plaintiffs were still waiting on supplemental discovery responses from Defendant MTC and that Plaintiffs and Defendant MTC had recently agreed to extend Plaintiffs' deadline to file a motion to compel until two weeks after Plaintiffs receive the responses. Ms. Hanson added that Plaintiffs' counsel's office will be closed during the week of July 3, and she asked that Defendant MTC allow Plaintiffs an additional week to file the motion to compel if the week of July 3 falls during Plaintiffs' two-week period to file the motion.
- The Court asked Ms. Gooch for her thoughts.
- Ms. Gooch stated that she has no problem with giving Plaintiffs the additional time and that she is actively working on the responses.
- The Court stated that it will grant the extension of time for Plaintiffs to file a motion to compel.
- The Court turned to setting deposition limits and asked the parties for their thoughts.
- After discussion with the parties, the Court set the following limits on depositions:
    - 15 depositions from Plaintiffs to each Defendant (30 depositions total from Plaintiffs)
    - 15 depositions from both Defendants to Plaintiffs (15 depositions total from both Defendants)
    - Depositions limited to four hours each, except for depositions of parties, experts, and organizational witnesses under Fed. R. Civ. P. 30(b)(6) which are limited to 7 hours
- The Court added that these deposition limits can be modified with unanimous consent of counsel. If there is not unanimous consent of counsel, the Court may modify the limits for good cause, including that the requesting party used the allotted number in a reasonable fashion and that the requesting party acted in good faith.
- The Court turned to a discussion of the parties' planned site visit and asked the parties for their thoughts.
- Ms. Gooch stated that the parties have reached an agreement about most aspects of the site visit, but that the parties have a major concern regarding whether Plaintiffs will be allowed to take video or photographs during the visit.
- Mr. Lucero stated that regulations at the facilities prevent outside visitors

  from taking video or photographs of the facilities in order to prevent visitors from recording images of third parties, such as detainees and facility personnel. He added that he may be able to provide Plaintiffs with stock photos of the facilities.
- Ms. Hanson indicated that Plaintiffs would like to bring a third-party professional videographer/photographer to the site visit so that they have evidence to present during trial and so that the attorneys who attend the site visit are not in the position of serving as fact witnesses during trial. She stated that Defendants' main concern with videos/photographs seems to be that Plaintiffs may record images of third-party personnel. She stated that Plaintiffs have agreed not to capture any third parties and that they could confer with Defendants after the visit about destroying any recordings/images that inadvertently include third parties. Finally, she added that while Plaintiffs would prefer to have a videographer during the visit, they would be willing to forgo taking video if they can take photographs.
- The Court stated that it would give a preliminary order regarding Plaintiffs' ability to take photographs or videos during the site visit. The Court added that it would give Defendants time to confer with their clients about the Court's preliminary order and if their clients are not in agreement, the Court would provide a formal order at that time. After the Court issues a formal order, the parties would still have the right to appeal that order to the District Judge.
- The Court stated that it would order Defendants to permit photographs, but not video, at the facilities during the site visit. It would also order a blanket prohibition on the intentional capturing of any third parties in the photographs. Finally, the Court stated that it would require Plaintiffs to permit Defendants to review any photographs that were taken during the site visit to ensure that no third parties were captured in the images. The Court explained that it agreed with Ms. Hanson that Plaintiffs should have the ability to capture evidence from the site visit in preparation for a potential trial, but that it would not allow video because the chances of capturing a third party in a video are high and that it is more difficult and time-consuming to look through hours of video footage to ensure that no third parties were captured.
- The Court further stated that if Defendants did not agree with the Court's preliminary order, it would give the parties until **June 30, 2023**, to provide the Court with simultaneous briefing that included proposed language for the Court's order regarding photography and videography during the site visit. At that time, it would assess the parties' proposed language and issue a final order.

- The Court asked the parties for their thoughts.
- Ms. Hanson and Mr. Lucero expressed their agreement with the Court's plan.
- Ms. Gooch expressed her agreement with the Court's plan but added that she is concerned that Plaintiffs' photographer may not receive approval to tour the facility in time once the parties finalize their agreement about photography during the visit.
- The Court stated that Ms. Hanson should give the name of the photographer to the government as soon as possible so that the approval process can begin.
- Ms. Hanson explained that she already submitted the complete list of visitors to the government, including the name of the photographer, but that she is happy to resend the list of names.
- The Court asked if there was anything else to address.
- Hearing nothing, the Court concluded proceedings.