IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

A.E.S.E., *a minor child*, and EUSEBIO
DANIEL SABILLON PAZ, *her father*,

      Plaintiffs,                          Civ. No. 21-569 RB/GBW

      v.

THE UNITED STATES OF AMERICA and
MANAGEMENT & TRAINING
CORPORATION,

      Defendants.

## ORDER SETTING TERMS OF PLAINTIFFS' SITE INSPECTION OF OTERO COUNTY PROCESSING CENTER

THIS MATTER comes before the Court on Defendants' Joint Objection by ICE and MTC to Plaintiffs['] Request to Photograph During Site Visit ("the Objection"). *Doc. 122*. On June 22, 2023, the Court held a status conference at which the parties indicated that they had agreed upon a date for a site inspection of the Otero County Processing Center ("OCPC"), but they had a conflict regarding whether Plaintiffs should be permitted to take video and photographs during the visit. *Doc. 119* at 2-3. The Court provided a preliminary oral ruling at the conference permitting Plaintiffs to bring an individual who may take photographs, but not video, and requiring Plaintiffs to make all photographs available to Defendants for inspection. *Id*. at 3. The Court also provided an opportunity for Defendants to file an objection to its preliminary ruling by June 30, 2023, and it asked the parties to submit proposed orders on the photography

issue to the Court in the case that Defendants objected to the preliminary ruling.  *Id.*  On June 30, 2023, Defendants filed their Objection to the Court's proposed ruling (*doc. 122*), and the parties submitted proposed orders to the Court via email.

In their Objection, Defendants request an alternative to the Court's preliminary ruling in which Defendants would provide their own photographer during the site visit and Plaintiffs would not be permitted to bring a photographer.  *Doc. 122* at 2.  Defendants' photographer would take up to 75 photos during the visit[1] and would provide Plaintiffs with the first 10 photos "to ensure that the photographer is correctly documenting what Plaintiffs require."  *Id.*  Defendants argue that this alternative would prevent Plaintiffs from capturing any images of detainees, employees, or visitors of OCPC and thus would better protect the privacy rights of these individuals.  *Id.* at 1-2.  Plaintiffs reject this alternative and argue that they have a right to control the collection and presentation of their evidence.  *See doc. 119* at 3.  They further argue that the prohibition against taking photographs of other individuals at the detention center would be sufficient to protect the privacy rights of these third parties.  *Id.*

Federal Rule of Civil Procedure 34 permits a party to request entry onto another party's property in order to "inspect" or "photograph" the property.  Fed. R. Civ. P. 34(a)(2). Although the federal rules adopt a liberal approach to discovery, "[t]he right of a party under Rule 34 to inspect and test, like all discovery, is not unlimited."  *Micro*

---

[1] Defendants note that the 75-photo limit is negotiable.  *Doc. 122* at 2.

2

*Chem., Inc. v. Lextron, Inc.*, 193 F.R.D. 667, 668-69 (D. Colo. 2000).  In deciding whether to permit an inspection and to place "appropriate restrictions on the inspection," the Court must balance the "degree to which the proposed inspection will aid in the search for truth" against "the burdens and dangers created by the inspection." *Id.* at 669 (quoting *Belcher v. Bassett Furniture Indus., Inc.*, 588 F.2d 904, 908 (4th Cir. 1978)); *see also Morris v. Cabelas*, Civil Action No. 10-2559-EFM-GLR, 2011 WL 2516904, at *1 (D. Kan. June 23, 2011).

      The Court holds that Plaintiffs are permitted to bring their own photographer to the OCPC site visit, subject to several conditions which are described in greater detail below.  In particular, Plaintiffs' photographer is prohibited from taking photographs of a person and Plaintiffs' counsel must make all photographs available for review by Defendants and Defendants' counsel during and after the site visit, subject to the provisions outlined below.  Additionally, given the uncertainty surrounding the number of photographs that would be reasonable for the site visit, the Court will not set a limit on the number of photographs that Plaintiffs may take.

      The Court makes these findings because it is not persuaded by Defendants' argument that a Defendant-provided photographer will meaningfully reduce the security risk posed by the taking of photographs during the visit.  Defendants' sole proffered security concern is the risk that images of third parties could be captured in the photographs.  *See generally doc. 122*.  However, given that Plaintiffs' photographer is

3

already prohibited from taking photos of third parties, it is unclear how Defendants' photographer would provide additional protection against this risk. Any other security concerns created by Plaintiffs' photography of the site will be further mitigated by Defendants' opportunity to review the photographs during and after the site visit. Finally, the Court agrees with Plaintiffs that they have a "legitimate interest" in exercising control over the collection of their own evidence by utilizing their own photographer. *Estate of Mazon v. Cnty of Riverside*, Case No. ED CV 12-2240-DMG (SPx), 2014 WL 12966419, at *4 (C.D. Cali. Mar. 26, 2014)). As a result, the Court finds that the benefits of Plaintiffs using their own photographer outweigh any "burdens and dangers" created by Plaintiffs' photography of the site. *Micro Chemical*, 193 F.R.D. at 669.

Based on the foregoing reasons, IT IS ORDERED that the following terms shall govern the upcoming site inspection of OCPC:

1.      The OCPC site inspection will occur on July 13, 2023.  The site inspection will begin at 1:00pm MDT and conclude the same day.

2.      The individuals listed below have submitted the Facility Access Request Form and, subject to the results of any background checks, may attend and take part in the OCPC site inspection on behalf of Plaintiffs.  All individuals must comply with OCPC's security procedures and rules prior to and during the site inspection.

- Jessica Hanson, Plaintiffs' counsel of record
- Rebecca Sheff, Plaintiffs' counsel of record
- Max Brooks, Plaintiffs' counsel of record
- Tara Brailey, Plaintiffs' counsel of record
- Dr. Sara Kariko, Plaintiffs' expert on medical care in detention facilities
- Alexander Poli (Moir Litigation Video LLC), Plaintiffs' professional photographer.

3.      Defendants United States of America ("USA") and Management & Training Corporation ("MTC") will permit inspection of areas of OCPC relevant to Mr. Sabillon Paz's claims, including but not limited to the following areas:

- Area of OCPC where detainees arrive and may be held on transport vehicles prior to entry and in-processing, including OCPC's sallyport or functional equivalent;
- Areas within OCPC where Plaintiff Eusebio Daniel Sabillon Paz was housed, including locations where he slept and ate meals;

- Areas within OCPC where Plaintiff Eusebio Daniel Sabillon Paz attended religious services and/or any presentations given by social services organizations;

- OCPC's medical care facilities and medical observation areas, including locations where medications and medical equipment were stored in 2018 and areas where Plaintiff Eusebio Daniel Sabillon Paz received medical assessments, evaluations, and treatments; and

- Areas where Plaintiff Eusebio Daniel Sabillon Paz was processed for entry into and discharge from OCPC.

During the inspection, Plaintiffs may make reasonable requests to view other areas of OCPC not listed above. In the event of a disagreement, all counsel present on site will work together in good faith to come to an agreement over the scope of the requested inspection to avoid burdening the Court. In the event a dispute cannot be resolved, counsel will contact Judge Wormuth's chambers at (575) 528-1460.

4. Plaintiffs may not access or inspect the following areas:

- The Office of the Principal Legal Advisor ("OPLA") Suite, including but not limited to OPLA offices, OPLA cubicles, OPLA conference room, OPLA break room, or any other OPLA facilities not open to the public;

- The Executive Office for Immigration Review ("EOIR") Suite, including but not limited to EOIR offices, EOIR cubicles, EOIR break room, or any other EOIR space not open to the public;

- The portion of the shared hallway between EOIR and OPLA and the shared exterior exit between the locked keypad door and the exterior door (this hallway is only an exterior exit for OPLA and EOIR and has interior door windows into EOIR and OPLA space and does not provide access to any other portion of the facility);

- The Enforcement and Removal Operations ("ERO") Suite, cubicles, and offices, including but not limited to ERO offices and cubicles belonging to Deportation Officers ("DOs"), Supervisory Detention and

      Deportation Officers ("SDDOs"), ERO administrative staff, and the Assistant Field Office Director ("AFOD");

- Any ERO communal areas, including but not limited to break rooms, office spaces, gym/fitness area, or any other ERO space related to the performance of office responsibilities of DOs, SDDOs, administrative staff, and the AFOD; and

- Other areas that may be deemed to pose security or other safety concerns.

5. Plaintiffs are permitted to take photographs of the areas listed above in Paragraph 3 during the site inspection. Plaintiffs may not, however, take any video or audio recordings during the site inspection.

6. Plaintiffs' professional photographer, Alexander Poli from Moir Litigation Video LLC, is permitted to attend the site inspection. Mr. Poli is permitted to bring a camera and other equipment necessary to take photographs during the site inspection. Defendants and OCPC staff may inspect all photography equipment prior to entering OCPC.

7. Plaintiffs' counsel may control and direct the photographer to capture photographs of the areas listed above in Paragraph 3, as well as any areas mutually agreed upon by the parties' counsel during the site inspection.

8. Plaintiffs' photographer is prohibited from taking photographs of any person present at the facility during the visit.[2] Any photographs which inadvertently include the image of a person shall be deleted.

---

[2] This prohibition does not prevent a consenting individual from Plaintiffs' team from appearing in a photo for the purposes of demonstrating scale.

9. Plaintiffs may not speak with, or attempt to speak with, any currently detained persons or facility personnel during the site inspection. Defendants shall work in good faith to arrange for Plaintiffs' access to the areas of OCPC listed above in Paragraph 3 and any other mutually agreed upon areas at times when detained persons and personnel will not be in these areas (e.g., during count).

10. During or immediately after the site inspection, counsel for and representatives of Defendants shall be permitted to review any photographs taken by Plaintiffs through the camera's screen or viewfinder. If any photographs include images of a person or of other prohibited material outlined in this Order, these photographs shall be deleted at the time of the review. If the parties disagree about whether the photograph(s) includes prohibited content, the photograph(s) may be retained for *in camera* review by the Court. No copies of the disputed images shall be made prior to *in camera* review.

11. After the inspection, Plaintiffs will provide Defendants with a copy of all other photographs taken during the site inspection. At that time, Defendants may submit additional objections and/or request that certain photographs receive heightened confidentiality designations under the parties' Protective Order (*doc. 68*)

12. All photographs taken during the site inspection are confidential and viewing of any such photographs will be restricted to the parties, counsel, and those persons who have signed the parties' Protective Order (*doc. 68*).

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE