IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| A.E.S.E., a minor child, and EUSEBIO DANIEL SABILLON PAZ, her father,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 2:21-cv-00569-RB/GBW |

**PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT OF MINOR'S CLAIMS**

Plaintiffs Eusebio Daniel Sabillon Paz ("Mr. Sabillon Paz") and his minor daughter, A.E.S.E. ("A.E.S.E." or "the minor") (collectively, "Plaintiffs"), move the Court to approve the proposed settlement of the minor's claims against Defendant United States of America ("Defendant"). Defendant does not oppose this Motion for Approval of Settlement of Minor's Claims. In support of this Motion, Plaintiffs state as follows:

**I.      The Settlement Agreement**

1.      Plaintiffs brought this action against Defendant pursuant to the Federal Tort Claims Act ("FTCA") alleging that they both suffered harm and injuries as a result of their forced separation, detention, and mistreatment by federal personnel. (ECF No. 1.)

2.      On February 7, 2024, the parties participated in a Rule 16.2 settlement conference before United States Magistrate Judge Karen B. Molzen. (ECF No. 173.) Following the settlement conference and additional negotiations, the parties reached a conditional settlement agreement whereby Defendant will pay Plaintiffs $315,000 in settlement of all claims, subject to this Court's approval of the minor's settlement and approval by the Attorney General or the Attorney General's

designee ("Settlement Agreement").  Attached as Exhibit A is the executed Settlement Agreement in the above-captioned case that the parties submit for this Court's approval.

3. Plaintiffs have agreed to the terms, conditions, and requirements of the Settlement Agreement.  *See* Ex. A at pp. 11–12.  The Settlement Agreement is now contingent upon: (1) Plaintiffs obtaining this Court's approval for the minor's portion of the Settlement Agreement; (2) approval of the Settlement Agreement by the Attorney General or the Attorney General's designee; and (3) Plaintiffs obtaining an Order from the United States District Court for the District of New Mexico dismissing this action in its entirety with prejudice, with each side bearing its own costs, expenses, and fees, and with the District Court not retaining jurisdiction over this action, this settlement, or the United States.  *See id.* at ¶ 5.

4. The settlement amount is apportioned evenly, with Plaintiff Mr. Sabillon Paz and Plaintiff A.E.S.E. each receiving $157,500 in settlement of their claims against Defendant.  *See id.* at ¶ 3(a).

5. A.E.S.E.'s portion of the Settlement Agreement will be placed in a pooled trust administered by Legacy Enhancement, a non-profit organization that manages pooled trusts for minors with minimal fees.  Distribution of funds to A.E.S.E. from the pooled minor's trust will be overseen by a fiduciary trustee at Legacy Enhancement.  Permissible distributions until A.E.S.E. turns 18 years old include but are not limited to expenses related to education and health care.  Any funds remaining in the trust when A.E.S.E. turns 18 will be released to the minor *in toto*.  Information about the pooled minor's trust and the agreement for funding the trust are attached as Exhibit B.

6. All Plaintiffs' attorneys in this matter represent Plaintiffs *pro bono* and will not take any costs or fees from the settlement amount.

## II.   Reasonableness of the Settlement Agreement

7. When a court is called on to approve a minor's settlement, it must ensure that the settlement is fair and that the interests of the child will be adequately protected. *See, e.g.*, *Everhart v. Dominguez*, No. CV 17-1134 RB/CG, 2020 WL 5255277, at *1 (D.N.M. Sept. 3, 2020). The Court may evaluate the fairness of a minor settlement without appointing a guardian ad litem. *See Kile v. United States*, 915 F.3d 682, 684 (10th Cir. 2019); *see also Gonzalez v. Reno*, 86 F. Supp. 2d 1167, 1185 (S.D. Fla.), *aff'd*, 212 F.3d 1338 (11th Cir. 2000) ("[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c).").

8. When considering whether to approve a minor settlement agreement, courts in the Tenth Circuit consider the following factors: (1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable. *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984). All four factors are satisfied here.

9. The first factor is met, as the parties reached settlement after engaging in a settlement conference and extensive arms-length negotiations. *See, e.g.*, *Nat'l Am. Ins. Co. v. Rodriquez*, No. CV 19-1020 KG/CG, 2021 WL 753725, at *3 (D.N.M. Feb. 26, 2021), *report and recommendation adopted*, No. CV 19-1020 KG/CG, 2021 WL 800608 (D.N.M. Mar. 1, 2021) ("In general, arms-length negotiations, absent any allegations of collusion, demonstrate that a settlement was fairly and honestly negotiated"). Plaintiff Mr. Sabillon Paz participated directly in the settlement conference and agreed to the final settlement after consulting with counsel. *See* Ex.

3

C ¶¶ 5–6. Plaintiff Mr. Sabillon Paz agreed to the final settlement after much consideration; he was not coerced or pressured into agreeing to settle his claims, and he understands that he and A.E.S.E. are releasing all claims they have against Defendant relating to their detention and separation. *See id.* ¶¶ 6, 12. Further, Plaintiffs' assessment of the fairness of the settlement amount is further confirmed by reference to other similar cases, as the settlement amount allocated to A.E.S.E. ($157,500) is equal to or higher than the eleven out of twelve recently approved minor settlements in similar FTCA lawsuits stemming from forced family separations.[1]

---

[1] To date, federal courts across the country have approved 12 minor settlement agreements in FTCA family separation actions; these settlement agreements are essentially identical to the Settlement Agreement at issue in this case. *See* Order Approving of Settlement of Minor's Claims, *F.C.C. v. United States*, 1:23-cv-03146-APM (D.D.C. Apr. 12, 2024), ECF No. 47 (approving settlement of $112,000 for the minor plaintiff); Order Granting Petition for Approval of Minor's Compromise, *M.A.N.H. v. United States*, 5:23-cv-00372-JGB (C.D. Cal. Apr. 1, 2024), ECF No. 65 (approving settlement of $170,000 for the minor plaintiff); Order Approving Settlement of Minor's Claims, *E.S.M. v. United States*, 4:21-CV-00029-JAS (D. Ariz. Mar. 28, 2024), ECF No. 100 (approving settlement of $157,500 for the minor plaintiff); Order Approving Settlement of Minor's Claims, *E.C.B. v. United States*, Case No. 2:22-CV-00915-CDB (D. Ariz. Mar. 26, 2024), ECF No. 50 (approving settlement of $140,000 for the minor plaintiff); Order Approving Settlement of Minor's Claims, *C.M. v. United States*, Case No. 5:21-CV-00234-JKP (W.D. Tex. Mar. 18, 2024), ECF No. 53 (approving settlement of $45,000 for the minor plaintiff); Order Approving Settlement of Minors' Claims, *A.I.I.L. v. United States*, Case No. CV-19-0481-TUC-JCH (D. Ariz. Mar. 12, 2024), ECF No. 134 (approving settlements of $97,500, $137,500, and $131,666 for the minor plaintiffs); Order Approving Settlement of Minors' Claims, *N.R. v. United States*, Case No. 4:23-CV-00201-JR (D. Ariz. Feb. 26, 2024), ECF No. 36 (approving settlements of $80,000, $140,000, and $90,000 for the minor plaintiffs); Order Granting Unopposed Motion for Court Approval of Settlement of Minor's Claim, *J.J.P.B. v. United States*, Case No. 7:23-cv-00133 (S.D. Tex. Feb. 23, 2024), ECF No. 164 (approving settlement of $140,000 for minor plaintiff); Order Granting Plaintiffs' Unopposed Motion to Approve Settlement Involving Claims of a Minor, *S.M.F. v. United States*, Case No. 2:22-cv-01193-RAJ (W.D. Wash. Feb. 9, 2024), ECF No. 38 (approving settlement of $135,000 for the minor plaintiff); Order Approving Settlement of Minor's Claims, *Fuentes-Ortega v. United States*, Case No. CV-22-00449-PHX-DGC (D. Ariz. Feb. 2, 2024), ECF No. 84 (approving settlement of $50,000 for the minor plaintiff); Order Approving Settlement of Minor's Claims, *F.R. v. United States*, Case No. CV-21-00339-PHX-DLR (D. Ariz. Nov. 2, 2023), ECF No. 94 (approving settlement of $65,000 for the minor plaintiff); Order, *R.Y.M.R. v. United States*, Case No. 1:20-cv-23598-KMW (S.D. Fla. Sept. 5, 2023), ECF No. 135 (approving settlement of $94,500 for minor plaintiff).

10. The second *Jones* factor is satisfied, because the outcome of this litigation is uncertain. 741 F.2d at 324. There are several factual disputes on dispositive issues and Defendant is positioned to raise several jurisdictional defenses to Plaintiffs' allegations under the FTCA. If Defendant's arguments are successful, in whole or in part, either at summary judgment or trial, Plaintiffs may recover much less or nothing. *See, e.g., Doe v. Bd. of Educ. of Albuquerque Pub. Sch.*, No. 1:21-CV-01199 LF-SCY, 2022 WL 6582110, at *2 (D.N.M. Sept. 13, 2022), *opinion clarified sub nom.*, No. 1:21-CV-01199 LF/SCY, 2024 WL 307693 (D.N.M. Jan. 26, 2024) (concluding that "serious questions of law and fact" place the outcome of a litigation in doubt such that the second *Jones* factor is satisfied).

11. As to the third *Jones* factor, Plaintiffs feel strongly that the value of an immediate recovery vastly outweighs the uncertain possibility of greater future relief after lengthy litigation. 741 F.2d at 324. This litigation involves events and topics that are deeply painful, traumatic, and sensitive for Plaintiffs, particularly the minor Plaintiff. Plaintiffs have chosen to move on with their lives rather than continue to re-hash their forced separation and the ensuing events at issue with the United States as they must if they continue pursuing this litigation. *See* Ex. C ¶ 13. Before reaching the Settlement Agreement, the parties were in the midst of discovery, but neither Plaintiffs nor any other individuals had yet been deposed. If Plaintiffs' claims survived summary judgment, a trial would have taken place in February 2025, at the earliest. *See* ECF No. 77 (setting a February 3, 2025 trial date.) Plaintiffs have a strong desire to avoid sitting for depositions and enduring protracted, uncertain litigation. *See* Ex. C ¶ 13.

12. The fourth *Jones* factor is also satisfied, as the parties agree that settling this matter pursuant to the attached Settlement Agreement is fair and reasonable. The Settlement Agreement is in the best interest of A.E.S.E. and fully protects A.E.S.E.'s interests while avoiding the delay

and risks of trial. 741 F.2d at 324. Indeed, as noted above, A.E.S.E.'s share of the settlement amount ($157,500), is equal to or higher than the eleven out of twelve recently approved minor settlements in similar FTCA lawsuits stemming from forced family separations. *See supra* ¶ 9 n.1. Additionally, Plaintiff Mr. Sabillon Paz represents that he understands the terms of the Settlement Agreement, that resolving this matter now via this Settlement Agreement versus continuing to litigate is in the best interest of A.E.S.E., and that no one has forced or coerced him to settle. 741 F.2d at 324; *see also* Ex. C ¶¶ 6, 14–15. Both of A.E.S.E.'s parents, Plaintiff Mr. Sabillon Paz and Fanny Gabriela Espinoza Martinez, understand that A.E.S.E.'s settlement funds will be placed in a trust until she reaches the age of majority and A.E.S.E.'s funds are to be used solely for her benefit. *See id.* ¶¶ 9, 10; Ex. D ¶¶ 7, 8.

### III. Requested Action by the Court

13. Plaintiffs respectfully request that this Court approve the Settlement Agreement reached between the parties and enter the proposed order submitted with this Motion, which would: (1) approve the settlement of this lawsuit for $315,000; (2) approve allocation of the settlement amount, such that Plaintiff Mr. Sabillon Paz and minor Plaintiff A.E.S.E. would each receive half of the settlement amount, $157,500; and (3) approve the placement of the minor Plaintiff A.E.S.E.'s settlement amount into the Legacy Enhancement pooled trust account. *See Jones*, 741 F.2d at 324 (The Court "must approve a settlement if it is fair, reasonable and adequate").

14. Should the Court approve the Settlement Agreement, Plaintiffs' counsel will coordinate with Plaintiffs and Legacy Enhancement to execute all necessary paperwork and transfer A.E.S.E.'s settlement amount into the Legacy Enhancement pooled trust account.

15. Given the settlement's fairness as demonstrated by its satisfaction of the *Jones* factors, *see supra* ¶¶ 9–12, as supported by A.E.S.E.'s parents' sworn declarations, *see* Ex. C &

Ex. D, Plaintiffs do not request the appointment of a court approval guardian ad litem or the scheduling of a fairness hearing and do not believe one is necessary in this case.[2]

***

For these reasons, Plaintiffs respectfully move the Court to approve the Settlement Agreement of the minor's claims against Defendant.

Respectfully submitted,                                          April 26, 2024

**By:  /s/ Marcela Johnson**                     Rebecca Sheff
Zachary Manfredi*                                    Leon Howard
Jessica Hanson*                                       Max Isak Brooks
Marcela Johnson*                                    **ACLU of New Mexico**
Ming Tanigawa-Lau*                               P.O. Box 566
**Asylum Seeker Advocacy Project**      Albuquerque, NM 87103
**(ASAP)**                                                   (505) 266-5915
228 Park Ave. S. #84810                          rsheff@aclu-nm.org
New York, NY 10003                                lhoward@aclu-nm.org
(646) 937-0368                                          mbrooks@aclu-nm.org
zachary.manfredi@asylumadvocacy.org
jessica.hanson@asylumadvocacy.org       *Attorneys for Plaintiffs*
marcela.johnson@asylumadvocacy.org
ming.tanigawa-lau@asylumadvocacy.org  *\*Appearing pursuant to D.N.M.LR-Civ. 83.3(a).*

Michael T. Mervis*
Tara M. Brailey*
**Proskauer Rose LLP**
11 Times Square
New York, NY 10036
(212) 969-3000
mmervis@proskauer.com
tbrailey@proskauer.com

---

[2] Should the Court deem it necessary to hold a fairness hearing to further evaluate the Settlement Agreement, however, Plaintiffs respectfully request that the hearing be conducted via telephone or video-teleconference to avoid costs and burdens on Plaintiffs, as they do not live in New Mexico. *See, e.g.*, *Jordison v. Bd. of Cnty. Commissioners for Cnty. of Socorro*, No. CV 21-742 MIS/CG, 2022 WL 2168201, at *2 (D.N.M. June 16, 2022) (fairness hearing conducted via Zoom); *Sanchez v. Rushton*, No. 1:20-CV-00550-LF-SCY, 2021 WL 847972, at *1 (D.N.M. Mar. 5, 2021) (same); *Nat'l Am. Ins. Co.*, No. CV 19-1020 KG/CG, 2021 WL 753725, at *3 (fairness hearing conducted via telephone). Plaintiffs further request that any fairness hearing be scheduled for the earliest possible date and be closed to the public in order to protect the privacy of A.E.S.E.

**CERTIFICATE OF SERVICE**

I certify that on April 26, 2024, I filed the foregoing document electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means.

By: */s/ Marcela Johnson*
Marcela Johnson